FILED
United States Court of Appeals
Tenth Circuit

February 4, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CAREY LONNELL BRESHERS, JR.,

Defendant - Appellant.

No. 17-3137
(D.C. Nos. 5:16-CV-04093-SAC
and 5:10-CR-40107-SAC-1)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Appellant Carey Breshers pled guilty to using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). In 2016, Appellant moved to vacate his conviction under 28 U.S.C. § 2255, arguing that the underlying crime on which his conviction was based—Hobbs Act robbery—can no longer be considered a "crime of violence" in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied his motion on the merits, holding that Hobbs Act robbery is categorically a crime of violence under a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

separate subsection of the statute that is not affected by the Court's *Johnson* decision.  *See* § 924(c)(3)(A).  Appellant filed a motion for a certificate of appealability to appeal this decision.

In his motion for a certificate of appealability, Appellant recognized that his crime-of-violence argument appeared to be foreclosed by our decision in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018), in which we held that Hobbs Act robbery is categorically a crime of violence because it includes as an element the use or threatened use of violent force.  However, he argued that reasonable jurists might still debate the merits of this issue based on the Supreme Court's granting of certiorari in another case involving a similar question.  *See United States v. Stokeling*, 684 Fed. App'x 870 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 1438 (2018).

The Supreme Court recently decided *Stokeling*, holding consistently with our reasoning in *Melgar-Cabrera*  that "the degree of force necessary to commit common-law robbery" is sufficient to satisfy the categorical definition of crimes of violence.  *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019); *cf. Melgar-Cabrera*, 892 F.3d at 1065 ("[T]he force element in common-law robbery statutes (e.g., the Hobbs Act) can only be satisfied by violent force.").  In light of this decision, Appellant concedes that reasonable jurists would no longer debate the merits of his claim.

Because *Melgar-Cabrera* and *Stokeling* conclusively preclude Appellant's

argument for relief, we **DENY** his request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge